Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#1119411)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
      Telephone: (213) 894-5410
      Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SETH D. HARRIS,**<br>  Acting Secretary of Labor,<br>  United States Department of Labor,<br><br>        Plaintiff,<br><br>      v.<br><br>**S.O.L.E. DESIGN, Inc.,**<br>  a California Corporation,<br>**BEST UPHOLTERY, INC.,**<br>  a California Corporation<br>**LINDA LE,** individually and as<br>  managing agent of corporate defendants;<br>**MINH TRAN,** individually and as<br>  managing agent of corporate defendants,<br><br>        Defendants. | Case No. CV13-02213 SVW(AJWx)<br><br><br><br><br><br><br>**CONSENT JUDGMENT**<br><br><br>JS-6 |

Plaintiff Seth D. Harris, Acting Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, S.O.L.E. Design, Inc., a California Corporation, Best Upholtery, Inc., a California Corporation, Linda Le, individually and as managing agent of corporate defendants, and Minh Tran, individually and as managing agent of corporate defendants (collectively "Defendants"), have agreed to resolve the matters in

controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.      The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.      Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C.      Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.      The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.      Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.      Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a) (1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(1), 215(a)(2) and 215(a)(5), in any of the following manners:

1.  Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any em-

ployee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.   Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.   Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

4.   Defendants, jointly and severally, shall not continue to withhold the payment of $1,551, the balance of $36,236 in overtime pay hereby found to be due under the FLSA to 21 employees, as a result of their employment by Defendants during the period of October 22, 2009 through October 3, 2012 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

5. IT IS ORDERED AND ADJUDGED that the plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $36,236 (con-

stituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

6. The Defendants, jointly and severally, shall not continue to withhold payment of $6,468 in unpaid civil money penalties assessed against the Defendants and finally determined, pursuant to authority granted in FLSA § 16(e), for violations of the overtime pay provisions of the FLSA during the backwage accrual period.

7.  To accomplish the requirements of Paragraphs 4, 5, and 6, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 100 North Barranca Street, Suite 850, West Covina, CA 91791, the following:

    a. On or before March 30, 2013,  a schedule in duplicate bearing the name of the corporate Defendants, employer identification number, address, and phone number of the corporate Defendants and showing the name, last known (home) address, social security number, gross backwage amount for each person listed in the attached Exhibit 1.

    b. Defendants shall make the payments set forth on the attached Exhibit 2. Each payment shall be made by a certified, or cashier's check or money order and includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full.  The first payment due March 30, 2013 must consist of two checks, the first check in the amount of $1,551 and shall have the Firm name and "BWs." written on it, payable to the order of the "Wage and Hour Div., Labor,"  the second check  in the amount of $2,264.55 and shall have the Firm name and "LDs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor,". Each subsequent payment shall have the Firm name and "LDs + Int." written on each, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

    c.  In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provi-

sions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

d.  The Secretary shall allocate and distribute the funds described in paragraphs 3 and 4 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

e.  On or before January 30, 2014, a check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $3,239.39 in payment of the civil money penalty assessed against the defendants for overtime pay violations plus interest. And, on or before February 28, 2014, a check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $3,236.70 in payment of the civil money penalty assessed against the defendants for overtime pay violations plus interest.

8.  Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall record all hours worked by employees in the payroll records.

b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

c. Defendants shall reflect all the amounts paid to employees, regardless of

the manner of payment, on the payroll records.

d. Defendants shall pay employees for all compensable waiting time.

e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

g. Defendants shall not require employees to work "off the clock" either before or after their shift.

h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

9.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.  Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

10.   Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

11.     Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 3, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendants shall provide copies of Exhibit 3 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

12.     Within 10 days of the entry of this Judgment, Defendants shall post the terms of this Judgment at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: ___April 3____, 2013.                    _____
                                                Stephen V. Wilson,
                                                U.S. District Court Judge

For the Defendants:

The Defendants hereby appear, waive any
defense herein, consent to the entry of
this Judgment, and waive notice by the
Clerk of Court:

For:  S.O.L.E. Design, Inc.

By: _____      _____3|15|13_____
         Linda Le                                Date

Its: _____President_____

For:  Best Upholtery, Inc.

By: _____      _____3|15|13_____
         Linda Le                                Date

Its: _____

For:  Linda Le

By: _____      _____3|15|13_____
       Linda Le, Individually                Date

For:  Minh Tran

By: _____      _____3|15|13_____
       Minh Tran, Individually                Date

**Consent Judgment**

1 | Attorneys for the Defendants

2 | Doo & Chong, Attorneys at Law

3

4

5

6 | _____          $3/21/13$

7 | Robert Chong, Esq.                                    Date
  | 2569 Miss9ion Street, Suite 302
8 | San Marino, CA 91108

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                    Page 9 of 14

1  For the Plaintiff:

2
3  M. PATRICIA SMITH
   Solicitor of Labor
4
5  JANET M. HEROLD
   Regional Solicitor
6
7  DANIEL J. CHASEK
   Associate Regional Solicitor
8

9

10  BORIS ORLOV, Attorney                 Date    3 – 29 – 13
11  Attorneys for the Plaintiff
    U.S. Department of Labor
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Consent Judgment**                                    Page 10 of 14

1

EXHIBIT 1

2

3

| First Name | MI | Last Name | Back Wages | Liquidated Damages | Period Covered | |
|---|---|---|---|---|---|---|
| JAVIER | | AVALOS | $1,370.23 | $1,370.23 | 10/22/2009 | 9/23/2012 |
| JOSE | | AVINA | $2,476.83 | $2,476.83 | 8/7/2010 | 10/21/2011 |
| JAIME | | CASTRO | $337.00 | $337.00 | 1/8/2010 | 1/29/2010 |
| MISAEL | | CRISPO | $588.00 | $588.00 | 10/6/2011 | 10/12/2011 |
| FRANCISCO | | EDILBERTO | $230.00 | $230.00 | 8/7/2010 | 12/24/2010 |
| ADOLFO | | GARCIA | $314.00 | $314.00 | 1/8/2010 | 1/29/2010 |
| EDGAR | | HERNANDEZ | $574.60 | $574.60 | 10/22/2009 | 9/14/2012 |
| FERNANDO | | HERNANDEZ | $4,043.39 | $4,043.39 | 7/31/2010 | 10/3/2012 |
| JOSE | | HERNANDEZ | $162.10 | $162.10 | 10/22/2009 | 9/7/2012 |
| PORFIRIO | | HUERTA | $504.00 | $504.00 | 1/8/2010 | 11/12/2010 |
| ALEX | | LOPEZ | $3,166.44 | $3,166.44 | 8/7/2010 | 10/3/2012 |
| RENE | | LOPEZ | $2,869.20 | $2,869.20 | 8/7/2010 | 4/20/2012 |
| FERNANDO | | MARQUEZ | $3,996.62 | $3,996.62 | 8/7/2010 | 10/3/2012 |
| JUAN | | MELENDREZ | $4,497.08 | $4,497.08 | 8/7/2010 | 10/3/2012 |
| DANIEL | | MONTERO | $3,987.58 | $3,987.58 | 8/7/2010 | 10/3/2012 |
| HECTOR | N | PADILLA | $268.00 | $268.00 | 5/28/2012 | 7/30/2012 |
| MARIA | | RIVERA | $190.19 | $190.19 | 10/22/2009 | 10/3/2012 |
| ANTONIO | | TORRES | $3,089.00 | $3,089.00 | 7/31/2010 | 10/3/2012 |
| JORGE | | TORRES | $1,344.00 | $1,344.00 | 7/24/2010 | 10/3/2012 |
| ANTONIO | | VEGA | $1,925.90 | $1,925.90 | 7/31/2010 | 5/6/2011 |
| JOSE | | VEGA | $302.00 | $302.00 | 1/8/2010 | 1/29/2010 |
| | | | **$36,236.16** | **$36,236.16** | | |

**Consent Judgment**

1
2

### EXHIBIT 2

| Payment No. | Due Date | Amount Due | Interest Due | Total Payment Due |
|---|---|---|---|---|
| 1 | 03/30/2013 | $3,778.67 | $36.88 | $3,815.55 |
| 2 | 04/30/2013 | $3,778.66 | $33.73 | $3,812.39 |
| 3 | 05/30/2013 | $3,778.66 | $30.58 | $3,809.24 |
| 4 | 06/30/2013 | $3,778.66 | $27.43 | $3,806.09 |
| 5 | 07/30/2013 | $3,778.66 | $24.28 | $3,802.94 |
| 6 | 08/30/2013 | $3,778.66 | $21.13 | $3,799.79 |
| 7 | 09/30/2013 | $3,778.66 | $17.99 | $3,796.65 |
| 8 | 10/30/2013 | $3,778.66 | $14.84 | $3,793.50 |
| 9 | 11/30/2013 | $3,778.66 | $11.69 | $3,790.35 |
| 10 | 12/30/2013 | $3,778.66 | $8.54 | $3,787.20 |
| 11 | 01/30/2014 | $3,234.00 | $5.39 | $3,239.39 |
| 12 | 02/28/2014 | $3,234.00 | $2.70 | $3,236.70 |
| **Total** | | **$44,254.61** | **$235.18** | **$44,489.79** |

**Consent Judgment**

EXHIBIT 3

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **S.O.L.E. Design Inc.,** and **Best Upholtery, Inc.**, from violating the overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478 and your name will be kept confidential.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada.   Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a **S.O.L.E. Design Inc., Best Upholtery, Inc.,** de violar los requisitos de pago de el sueldo minimo y de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (626) 966-0478.  Su llamada será confidencial.**